[Cite as *State v. Bradford*, 2020-Ohio-4563.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Case No. 20CA1109 |
| vs. | : | |
| BRYAN L. BRADFORD, | : | DECISION AND JUDGMENT ENTRY |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Brian T. Goldberg, Cincinnati, Ohio, for appellant.[1]

David Kelley, Adams County Prosecuting Attorney, and Kris D. Blanton, Adams Assistant County Prosecuting Attorney, West Union, Ohio, for appellee.

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 9-14-20
ABELE, J.

{¶ 1} This is an appeal from an Adams County Common Pleas Court judgment of conviction and sentence. Bryan L. Bradford, defendant below and appellant herein, assigns the following errors for review:

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT'S SIXTH AMENDMENT RIGHTS BY ENTERING JUDGEMENT [SIC] OF CONVICTION AFTER A TRIAL AT WHICH APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL FOR HIS DEFENSE."

SECOND ASSIGNMENT OF ERROR:

_____

[1] Different counsel represented appellant during the trial court proceedings.

> "THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW AND/OR AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE TO SUSTAIN MR. BRADFORD'S CONVICTION."

{¶ 2} On November 25, 2019, Adams County Sheriff's Office deputies visited Arlene Abbott's home after they received information that John Johnson, an individual with a felony-arrest warrant, was at the residence. After entering the residence, the officers encountered appellant. The officers then searched the residence and found, not only Johnson, but also a weapon inside a closet in one of the rooms. Inside the same room as the weapon, officers found various items that contained appellant's name: two prescription pill bottles, legal documents, and a state identification card.

{¶ 3} An Adams County Grand Jury returned an indictment that charged appellant with one count of possessing a weapon while under a disability, in violation of R.C. 2923.13(A)(2). The indictment alleged that appellant was under a disability due to a previous felonious assault conviction. Appellant pleaded not guilty.

{¶ 4} On February 13 and 14, 2020, the trial court held a jury trial. Before the trial began, appellant's counsel stipulated to appellant's prior conviction and that the court could disclose to the jury the allegations contained in the indictment. The court noted on the record that appellant signed a stipulation that he has "a prior conviction in this court for felonious assault." Furthermore, appellant stated on the record that he entered into the stipulation "knowingly, intelligently, and voluntarily."

{¶ 5} At trial, Adams County Sheriff's Detective Sam Purdin testified that on November 25, 2019, he encountered Arlene Abbott and appellant's sister, Buffy, in a grocery store parking lot. Purdin explained that he discussed John Johnson's whereabouts with Abbott and Buffy, and

that Abbott informed Purdin that Johnson was at Abbott's house. Purdin stated that Abbott gave officers permission to enter her house to arrest Johnson.

{¶ 6} Detective Purdin also related that Buffy advised the officers that appellant was at Abbott's house. Buffy cautioned the officers that appellant had been using "meth" and "was very paranoid." Purdin also testified that Buffy informed the officers that appellant would think that the officers were at the house to arrest him. Purdin asked Buffy whether appellant had any weapons, and she responded that appellant had "several weapons."

{¶ 7} Detective Purdin testified that when officers arrived at Abbott's house, they used a loudspeaker to announce their presence. When no one responded, Purdin walked toward the residence. As Purdin did so, appellant yelled from a window and asked why the officers were on the premises. Purdin informed appellant that Abbott had given the officers permission to enter the residence and appellant appeared to be "very agitated."

{¶ 8} Detective Purdin related that, once the officers entered Abbott's home, they secured appellant and began to search the residence for Johnson. During the search, officers discovered a semi-automatic rifle in a closet in one of the bedrooms. Purdin explained that appellant was in this particular bedroom when Purdin started to walk toward the front door.

{¶ 9} Detective Purdin further testified that officers discovered additional items in the bedroom: (1) two prescription pill bottles that contained appellant's name; (2) appellant's South Carolina identification card; (3) a briefcase with legal documents that contained appellant's name; (4) "a lot of men's clothing"; and (5) a "guitar."

{¶ 10} Adams County Sheriff's Sergeant Brian Newland testified that he spoke with Abbott before officers visited her residence to look for Johnson. Newland stated that Abbott indicated that she had rented a room to appellant "for quite some time."

{¶ 11} Sergeant Newland also related that Abbott gave the officers permission to enter the home to arrest Johnson, so long as the officers did not damage the home. Newland stated that Abbott also advised the officers to knock first to see if Johnson would answer the door. According to Newland, Abbott stated that if Johnson did not answer the door, then officers could enter and arrest Johnson. Newland testified that after officers entered Abbott's residence and searched for Johnson, Newland did not believe that appellant had personal belongings in any room except the room where the officers discovered the weapon.

{¶ 12} Sergeant Newland also explained that the day after the officers searched Abbott's residence, he attempted to obtain a statement from Abbott but she refused to provide a recorded statement. Newland testified that Abbott did, however, inform him that the room that contained the weapon belonged to appellant. Abbott further claimed, however, that she owned the weapon. Newland later learned that Abbott had also purchased the weapon.

{¶ 13} Appellant called Abbott in his defense and Abbott denied that she gave the officers permission to search her residence. Although Abbott agreed that appellant had been staying at her house, she did not agree that appellant had been staying in the room where the officers located the weapon. Instead, Abbott explained that the room with the weapon is her office. Abbott also testified that she owned the weapon, that she placed the weapon in the closet, that no one else touched the weapon, and no one else had permission to touch the weapon.

{¶ 14} After hearing the evidence, the jury found appellant guilty as charged. The trial court sentenced appellant to serve thirty months in prison. This appeal followed.

I

{¶ 15} In his first assignment of error, appellant asserts that trial counsel did not provide effective assistance of counsel. In particular, appellant contends that trial counsel performed ineffectively (1) by failing to file a motion to suppress, and (2) by failing to object to statements that appellant had a prior felonious assault conviction.

A

{¶ 16} The Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution provide that defendants in all criminal proceedings shall have the assistance of counsel for their defense. The United States Supreme Court has generally interpreted this provision to mean a criminal defendant is entitled to the "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *accord Hinton v. Alabama*, 571 U.S. 263, 272, 134 S.Ct. 1081, 188 L.Ed.2d 1 (2014) (explaining that the Sixth Amendment right to counsel means "that defendants are entitled to be represented by an attorney who meets at least a minimal standard of competence").

{¶ 17} To establish constitutionally ineffective assistance of counsel, a defendant must show (1) that his counsel's performance was deficient and (2) that the deficient performance prejudiced the defense and deprived the defendant of a fair trial. *E.g., Strickland*, 466 U.S. at 687; *State v. Myers*, 154 Ohio St.3d 405, 2018-Ohio-1903, 114 N.E.3d 1138, ¶ 183; *State v. Powell*, 132 Ohio St.3d 233, 2012-Ohio-2577, 971 N.E.2d 865, ¶ 85. "Failure to establish either element is fatal to the claim." *State v. Jones*, 4th Dist. Scioto No. 06CA3116, 2008-Ohio-968, ¶ 14.

Therefore, if one element is dispositive, a court need not analyze both. *State v. Madrigal*, 87 Ohio St.3d 378, 389, 721 N.E.2d 52 (2000) (stating that a defendant's failure to satisfy one of the ineffective-assistance-of-counsel elements "negates a court's need to consider the other").

1

{¶ 18} The deficient performance part of an ineffectiveness claim "is necessarily linked to the practice and expectations of the legal community: 'The proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" *Padilla v. Kentucky*, 559 U.S. 356, 366, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), quoting *Strickland*, 466 U.S. at 688; *accord Hinton*, 571 U.S. at 273. Prevailing professional norms dictate that "a lawyer must have 'full authority to manage the conduct of the trial.'" *State v. Pasqualone*, 121 Ohio St.3d 186, 2009-Ohio-315, 903 N.E.2d 270, ¶ 24, quoting *Taylor v. Illinois*, 484 U.S. 400, 418, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988).

{¶ 19} Furthermore, "'[i]n any case presenting an ineffectiveness claim, "the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances.'" *Hinton*, 571 U.S. at 273, quoting *Strickland*, 466 U.S. at 688. Accordingly, "[i]n order to show deficient performance, the defendant must prove that counsel's performance fell below an objective level of reasonable representation." *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 95 (citations omitted).

{¶ 20} Moreover, when considering whether trial counsel's representation amounts to deficient performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Thus, "the defendant must overcome the presumption that, under the circumstances, the challenged

action might be considered sound trial strategy." *Id.* Additionally, "[a] properly licensed attorney is presumed to execute his duties in an ethical and competent manner." *State v. Taylor*, 4th Dist. Washington No. 07CA11, 2008-Ohio-482, ¶ 10, citing *State v. Smith*, 17 Ohio St.3d 98, 100, 477 N.E.2d 1128 (1985). Therefore, a defendant bears the burden to show ineffectiveness by demonstrating that counsel's errors were "so serious" that counsel failed to function "as the 'counsel' guaranteed * * * by the Sixth Amendment." *Strickland*, 466 U.S. at 687; *e.g., State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 62; *State v. Hamblin*, 37 Ohio St.3d 153, 156, 524 N.E.2d 476 (1988).

2

{¶ 21} To establish prejudice, a defendant must demonstrate that a reasonable probability exists that "'but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the outcome.'" *Hinton*, 571 U.S. at 275, quoting *Strickland*, 466 U.S. at 694; *e.g., State v. Short*, 129 Ohio St.3d 360, 2011-Ohio-3641, 952 N.E.2d 1121, ¶ 113; *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph three of the syllabus; *accord State v. Spaulding*, 151 Ohio St.3d 378, 2016-Ohio-8126, 89 N.E.3d 554, ¶ 91 (indicating that prejudice component requires a "but for" analysis). "'[T]he question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt.'" *Hinton*, 571 U.S. at 275, quoting *Strickland*, 466 U.S. at 695. Furthermore, courts ordinarily may not simply presume the existence of prejudice but, instead, must require the defendant to affirmatively establish prejudice. *State v. Clark*, 4th Dist. Pike No. 02CA684, 2003-Ohio-1707, ¶ 22; *State v. Tucker*, 4th Dist. Ross No. 01CA2592 (Apr. 2, 2002); *see generally Roe v. Flores-Ortega*, 528 U.S. 470, 483, 120 S.Ct. 1029,

145 L.Ed.2d 985 (2008) (observing that prejudice may be presumed in limited contexts, none of which are relevant here). As we have repeatedly recognized, speculation is insufficient to establish the prejudice component of an ineffective assistance of counsel claim. *E.g., State v. Tabor*, 4th Dist. Jackson No. 16CA9, 2017-Ohio-8656, 2017 WL 5641282, ¶ 34; *State v. Jenkins*, 4th Dist. Ross No. 13CA3413, 2014-Ohio-3123, ¶ 22; *State v. Simmons*, 4th Dist. Highland No. 13CA4, 2013-Ohio-2890, ¶ 25; *State v. Halley*, 4th Dist. Gallia No. 10CA13, 2012-Ohio-1625, ¶ 25; *State v. Leonard*, 4th Dist. Athens No. 08CA24, 2009-Ohio-6191, ¶ 68; *accord State v. Powell*, 132 Ohio St.3d 233, 2012-Ohio-2577, 971 N.E.2d 865, ¶ 86 (stating that an argument that is purely speculative cannot serve as the basis for an ineffectiveness claim).

{¶ 22} In the case at bar, we do not believe that appellant satisfied his burden to show that trial counsel performed ineffectively by failing to file a motion to suppress the evidence uncovered after the search of Abbott's home, or by failing to object to statements that appellant has a prior felonious assault conviction.

B

{¶ 23} Appellant first contends that trial counsel's failure to file a motion to suppress the evidence uncovered at Abbott's residence constitutes ineffective assistance of counsel. Appellant argues that officers lacked a constitutionally justified reason to enter the residence without a warrant. Appellant further asserts that whether Abbott gave officers permission to enter her house to search for Johnson is disputed, and if counsel had filed a motion to suppress, the trial court would have held a hearing to resolve disputed factual issues and "could have found that Mr. Johnson did not reside at the subject residence," or that "Ms. Abbot did not consent to the entry into her residence."

{¶ 24} Initially, we point out that trial counsel's "'failure to file a suppression motion does not constitute per se ineffective assistance of counsel.'" *State v. Madrigal*, 87 Ohio St.3d 378, 389, 721 N.E.2d 52 (2000), quoting *Kimmelman v. Morrison*, 477 U.S. 365, 384, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986); *accord State v. Neyland*, 139 Ohio St.3d 353, 2014–Ohio–1914, 12 N.E.3d 1112, ¶ 126. "To establish ineffective assistance of counsel for failure to file a motion to suppress, a defendant must prove that there was a basis to suppress the evidence in question." *State v. Brown*, 115 Ohio St.3d 55, 2007–Ohio–4837, 873 N.E.2d 858, ¶ 65, citing *State v. Adams*, 103 Ohio St.3d 508, 2004–Ohio–5845, 817 N.E.2d 29, ¶ 35. "'Where the record contains no evidence which would justify the filing of a motion to suppress, the appellant has not met his burden of proving that his attorney violated an essential duty by failing to file the motion.'" *State v. Drummond*, 111 Ohio St.3d 14, 2006–Ohio–5084, 854 N.E.2d 1038, ¶ 208, quoting *State v. Gibson*, 69 Ohio App.2d 91, 95, 430 N.E.2d 954 (8th Dist.1980); *accord Neyland* at ¶ 126. "'Even if some evidence in the record supports a motion to suppress, counsel is still considered effective if counsel could reasonably have decided that filing a motion to suppress would have been a futile act.'" *State v. Moon*, 8th Dist. Cuyahoga No. 101972, 2015–Ohio–1550, ¶ 28, quoting *State v. Suarez*, 12th Dist. Warren No. CA2014–02–035, 2015–Ohio–64, ¶ 13; *see State v. Waters*, 4th Dist. Vinton No. 13CA693, 2014–Ohio–3109, ¶ 12, quoting *State v. Witherspoon*, 8th Dist. Cuyahoga No. 94475, 2011–Ohio–704, ¶ 33 (stating that "'[t]he failure to do a futile act cannot be the basis for claims of ineffective assistance of counsel and is not prejudicial'").

{¶ 25} In the case sub judice, after our review we do not believe that appellant has met his burden to show that trial counsel's failure to file a motion to suppress evidence constitutes ineffective assistance of counsel. Appellant does not point to any specific rationale to show that

a reasonable likelihood exists that the trial court would have suppressed the evidence discovered during the search of Abbott's residence if trial counsel had filed a motion to suppress the evidence. Instead, appellant speculates that (1) Abbott would have testified at a suppression hearing that she did not give officers permission to enter her house, and (2) the trial court might have found Abbott's testimony more credible than the testimony from multiple officers that Abbott did indeed give them permission to enter her house. Appellant's speculation regarding what the trial court might have decided is simply insufficient to establish an ineffective-assistance-of-counsel claim.

{¶ 26} Therefore, we reject appellant's argument that trial counsel performed ineffectively by failing to file a motion to suppress the evidence discovered during the search of Abbott's residence.

C

{¶ 27} Appellant next asserts that trial counsel performed ineffectively by failing to object to statements that he has a prior felonious assault conviction. Appellant recognizes that counsel stipulated that appellant has a prior felonious assault conviction, but contends that counsel should have stipulated only that appellant was under a disability, or that appellant has a prior felony-offense-of-violence conviction. Appellant further asserts that (1) counsel should have objected when the prosecutor mentioned, during opening statement and closing argument, that appellant has a prior felonious assault conviction, (2) counsel should have objected when the trial court instructed the jury that one of the elements of an R.C. 2923.13(A)(2) weapons-under-disability offense requires the defendant to have a prior felony-offense-of-violence conviction, then named the specific offense as felonious assault. Appellant argues that naming the specific offense–felonious assault–prejudiced his defense because it could give the jury the impression that

appellant has a propensity to commit crime. Appellant reasons that if counsel had not agreed to allow the jury to hear evidence of a prior felonious assault conviction, the jury may not have found him guilty of possessing a weapon while under a disability. Appellant further claims that because the evidence regarding his possession of the weapon is not overwhelming, evidence of his prior felonious assault conviction may have persuaded the jury on an improper basis.

{¶ 28} We first point out that appellant's argument fails under the invited-error doctrine. The invited-error doctrine precludes a litigant from "'tak[ing] advantage of an error which [the litigant] invited or induced.'" *State v. Ford*, 158 Ohio St.3d 139, 2019-Ohio-4539, 140 N.E.3d 616, ¶ 279, quoting *Hal Artz Lincoln-Mercury, Inc. v. Ford Motor Co., Lincoln-Mercury Div.*, 28 Ohio St.3d 20, 502 N.E.2d 590 (1986), paragraph one of the syllabus. The doctrine generally applies "'when a party has asked the court to take some action later claimed to be erroneous, or affirmatively consented to a procedure the trial judge proposed.'" *Id.*, quoting *State v. Campbell*, 90 Ohio St.3d 320, 324, 738 N.E.2d 1178 (2000). In the criminal context, the doctrine prevents a defendant from making "'an affirmative, apparently strategic decision at trial and then complain[ing] on appeal that the result of that decision constitutes reversible error.'" *State v. Doss*, 8th Dist. Cuyahoga No. 84433, 2005-Ohio-775, 2005 WL 433531, ¶ 7, quoting *United States v. Jernigan*, 341 F.3d 1273, 1290 (11th Cir.2003); *accord State v. Brunner*, 4th Dist. Scioto No. 18CA3848, 2019-Ohio-3410, 2019 WL 4010289, ¶ 15.

{¶ 29} In the case at bar, before the trial began appellant affirmatively stated on the record that he knowingly, intelligently, and voluntarily agreed that he had a prior felonious assault conviction. Indeed, appellant explicitly agreed that the court could read the language contained in the indictment that referred to his prior felonious assault conviction. Under these

circumstances, appellant invited any error and cannot take advantage of the error on appeal by claiming ineffective assistance of counsel.

{¶ 30} Assuming, arguendo, that appellant did not invite any error, we do not believe that appellant has shown that trial counsel performed ineffectively by failing to object to evidence regarding appellant's prior felonious assault conviction. We fully recognize that "[t]he existence of a prior offense is such an inflammatory fact that ordinarily it should not be revealed to the jury unless specifically permitted under statute or rule." *State v. Allen*, 29 Ohio St.3d 53, 55, 506 N.E.2d 199 (1987). Nevertheless, "[w]hen a prior conviction is an element of the charged offense, it may be admitted into evidence for the purpose of proving that element." *State v. Halsell*, 9th Dist. Summit No. 24464, 2009-Ohio-4166, 2009 WL 2517137, ¶ 13.

{¶ 31} R.C. 2923.13(A)(2), as charged in the case sub judice, required the state to prove that appellant previously had been convicted of a "felony offense of violence." *State v. Creech*, 150 Ohio St.3d 540, 2016-Ohio-8440, 84 N.E.3d 981, 2016 WL 7645112, ¶ 35. A stipulation to this element under R.C. 2923.13(A)(2) "would necessarily include the fact that the defendant * * * had previously been convicted of a [felony offense of violence]." *Id.*

{¶ 32} A stipulation that a defendant has a prior felony-offense-of-violence conviction "relieve[s] the state of its burden of proving the prior conviction element of the weapons-under-disability charge." *State v. McLaughlin*, 12th Dist. Clinton No. CA2019-02-002, 2020-Ohio-969, 2020 WL 1244797, ¶ 56. It does not, however, mean "that the jury must remain ignorant of that prior conviction." *State v. Varner*, 11th Dist. Portage No. 2019-P-0089, 2020-Ohio-1329, 2020 WL 1685338, ¶ 44, citing *State v. Nadock*, 11th Dist. Lake No. 2009-L-042, 2010-Ohio-1161, 2010 WL 1058356, ¶30. The effect of a prior-conviction stipulation is not to remove the prior

conviction from the jury's knowledge, but instead to prevent the jury from hearing the specific facts underlying the prior conviction, not the bare fact of the prior conviction. *See Varner* at ¶ 44 (explaining that a prior-conviction "stipulation ensures that the jury would know only the fact of a prior felony conviction, which is admissible under Evid.R. 403, not the facts underlying that conviction, which are inadmissible under the rule"); *see generally Creech* at ¶ 36 and ¶ 41 (concluding that allowing jury to hear that defendant's felonious assault with a deadly weapon conviction involved the defendant shooting the victim is not proper, but allowing the jury to hear that the defendant had a prior felony-offense-of-violence conviction is proper); *State v. Spaulding*, 151 Ohio St.3d 378, 2016-Ohio-8126, 89 N.E.3d 554, 2016 WL 7386160, ¶ 153 (explaining that even when defendant stipulates to prior felony-drug offenses in an R.C. 2923.13(A)(3) weapons-under-disability case, "the jury still would have learned that [the defendant] had at least prior felony drug convictions"); *State v. Robinson-Bey*, 127 N.E.3d 417, 2018-Ohio-5224 (9th Dist.), ¶ 34 (noting that R.C. 2929.13(A)(2) offense requires jury "to be told that [the defendant] had at least one prior conviction for a felony offense of violence").

{¶ 33} In the case sub judice, even if we assume for purposes of argument that trial counsel's failure to object to statements that appellant had a prior felonious assault conviction was arguably professionally unreasonable, appellant cannot show a reasonable likelihood exists that the result of his trial would have been different had counsel lodged an objection. If trial counsel had successfully objected or prevented any mention of appellant's prior felonious assault conviction, R.C. 2923.13(A)(2) still required the jury to find that appellant had a prior felony-offense-of-violence conviction. Thus, the trial court would have nevertheless instructed the jury that it must find that appellant had a prior felony-offense-of-violence conviction. We do not

ADAMS, 20CA1109

believe that the difference between "felonious assault" and "felony-offense-of-violence" is vast enough to suggest that the jury in the case at bar found appellant guilty upon an improper basis. We do not believe that the jury likely would have acquitted appellant if it had heard only that appellant had a prior felony-offense-of-violence conviction, and not heard that he had a prior felonious assault conviction. For these reasons, we reject appellant's argument that trial counsel was ineffective for failing to limit the stipulation to state that appellant had a prior felony-offense-of-violence conviction.

{¶ 34} Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error.

II

{¶ 35} In his second assignment of error, appellant asserts that the state did not present sufficient evidence to support his conviction and that his conviction is against the manifest weight of the evidence. Appellant contends that the evidence fails to show that he possessed the weapon that the officers discovered in the closet. Although appellant recognizes that officers discovered the weapon in the closet of a room that contained appellant's personal items and that the officers observed appellant standing inside this same room, appellant nevertheless claims that the state failed to produce any evidence to show that appellant touched the weapon, or that he knew of the weapon located inside the closet. Thus, appellant contends that the state did not present sufficient evidence that he possessed the weapon and his conviction is against the manifest weight of the evidence.

{¶ 36} We initially observe that "sufficiency" and "manifest weight" present two distinct legal concepts. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012–Ohio–2179, 972 N.E.2d 517, ¶ 23

ADAMS, 20CA1109

(stating that "sufficiency of the evidence is quantitatively and qualitatively different from the weight of the evidence"); *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997), syllabus. A claim of insufficient evidence invokes a due process concern and raises the question whether the evidence is legally sufficient to support the verdict as a matter of law. *Thompkins*, 78 Ohio St.3d at 386. When reviewing the sufficiency of the evidence, our inquiry focuses primarily upon the adequacy of the evidence; that is, whether the evidence, if believed, reasonably could support a finding of guilt beyond a reasonable doubt. *Id.* at syllabus. The standard of review is whether, after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. *E.g., Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Jenks*, 61 Ohio St.3d 259, 273, 574 N.E.2d 492 (1991). Furthermore, a reviewing court is not to assess "whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction." *Thompkins*, 78 Ohio St.3d at 390 (Cook, J., concurring).

{¶ 37} Thus, when reviewing a sufficiency-of-the-evidence claim, an appellate court must construe the evidence in a light most favorable to the prosecution. *E.g., State v. Hill*, 75 Ohio St.3d 195, 205, 661 N.E.2d 1068 (1996); *State v. Grant*, 67 Ohio St.3d 465, 477, 620 N.E.2d 50 (1993). A reviewing court will not overturn a conviction on a sufficiency-of-the-evidence claim unless reasonable minds could not reach the conclusion that the trier of fact did. *State v. Tibbetts*, 92 Ohio St.3d 146, 162, 749 N.E.2d 226 (2001); *State v. Treesh*, 90 Ohio St.3d 460, 484, 739 N.E.2d 749 (2001).

ADAMS, 20CA1109

{¶ 38} "Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence." *Thompkins*, 78 Ohio St.3d at 387. "The question to be answered when a manifest-weight issue is raised is whether 'there is substantial evidence upon which a jury could reasonably conclude that all the elements have been proved beyond a reasonable doubt.'" *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶ 81, quoting *State v. Getsy*, 84 Ohio St.3d 180, 193–194, 702 N.E.2d 866 (1998), citing *State v. Eley*, 56 Ohio St.2d 169, 383 N.E.2d 132 (1978), syllabus. A court that is considering a manifest-weight challenge must "'review the entire record, weigh the evidence and all reasonable inferences, and consider the credibility of witnesses.'" *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, ¶ 208, quoting *State v. McKelton*, 148 Ohio St.3d 261, 2016-Ohio-5735, 70 N.E.3d 508, ¶ 328. The reviewing court must bear in mind, however, that credibility generally is an issue for the trier of fact to resolve. *State v. Issa*, 93 Ohio St.3d 49, 67, 752 N.E.2d 904 (2001); *State v. Murphy*, 4th Dist. Ross No. 07CA2953, 2008-Ohio-1744, ¶ 31. "'Because the trier of fact sees and hears the witnesses and is particularly competent to decide "whether, and to what extent, to credit the testimony of particular witnesses," we must afford substantial deference to its determinations of credibility.'" *Barberton v. Jenney*, 126 Ohio St.3d 5, 2010-Ohio-2420, 929 N.E.2d 1047, ¶ 20, quoting *State v. Konya*, 2nd Dist. Montgomery No. 21434, 2006-Ohio-6312, ¶ 6, quoting *State v. Lawson*, 2nd Dist. Montgomery No. 16288 (Aug. 22, 1997). As the *Eastley* court explained:

> "'[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment must be made in favor of the judgment and the finding of facts. * * *

If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment.'"

*Id.* at ¶ 21, quoting *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn.3, quoting 5 Ohio Jurisprudence 3d, Appellate Review, Section 60, at 191–192 (1978). Thus, an appellate court will leave the issues of weight and credibility of the evidence to the fact finder, as long as a rational basis exists in the record for its decision. *State v. Picklesimer*, 4th Dist. Pickaway No. 11CA9, 2012-Ohio-1282, ¶ 24; *accord State v. Howard*, 4th Dist. Ross No. 07CA2948, 2007-Ohio-6331, ¶ 6 ("We will not intercede as long as the trier of fact has some factual and rational basis for its determination of credibility and weight.").

{¶ 39} Accordingly, if the prosecution presented substantial credible evidence upon which the trier of fact reasonably could conclude, beyond a reasonable doubt, that the essential elements of the offense had been established, the judgment of conviction is not against the manifest weight of the evidence. *E.g., Eley. Accord Eastley* at ¶ 12, quoting *Thompkins*, 78 Ohio St.3d at 387, 678 N.E.2d 541, quoting Black's Law Dictionary 1594 (6th ed.1990) (explaining that a judgment is not against the manifest weight of the evidence when """the greater amount of credible evidence""" supports it). A court may reverse a judgment of conviction only if it appears that the fact-finder, when it resolved the conflicts in evidence, "'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *Thompkins*, 78 Ohio St.3d at 387, 678 N.E.2d 541, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983); *accord McKelton* at ¶ 328. A reviewing court should find a conviction against the manifest weight of the evidence only in the "'exceptional case in which the evidence weighs heavily against the conviction.'" *Thompkins*, 78 Ohio St.3d at 387, 678 N.E.2d

541, quoting *Martin*, 20 Ohio App.3d at 175, 485 N.E.2d 717; *accord State v. Clinton*, 153 Ohio St.3d 422, 2017-Ohio-9423, 108 N.E.3d 1, ¶ 166; *State v. Lindsey*, 87 Ohio St.3d 479, 483, 721 N.E.2d 995 (2000).

{¶ 40} We also observe that when an appellate court concludes that the weight of the evidence supports a defendant's conviction, this conclusion necessarily includes a finding that sufficient evidence supports the conviction. *E.g., State v. Waller*, 4th Dist. Adams No. 17CA1044, 2018-Ohio-2014, 2018 WL 2376483, ¶ 30. Thus, a determination that the weight of the evidence supports a conviction is also dispositive of the issue of sufficiency. *Id.*

{¶ 41} After, our review in the case sub judice, we believe that the prosecution presented substantial credible evidence upon which the trier of fact reasonably could conclude, beyond a reasonable doubt, that the essential elements of the weapons-under-disability offense had been established.

{¶ 42} R.C. 2923.13(A)(2) contains the essential elements of weapons-under-disability as charged in the case sub judice:

> (A) Unless relieved from disability under operation of law or legal process, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:
> * * * *
> (2) The person is under indictment for or has been convicted of any felony offense of violence or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense of violence.

Here, appellant contends that the evidence fails to support a finding that he "had" a firearm. We do not agree. "In order to 'have' a firearm within the meaning of R.C. 2923.13(A), a person must have actual or constructive possession of it." *State v. Pitts*, 4th Dist. Scioto No. 99 CA 2675, 2000-Ohio-1986, 2000 WL 1678020, *9, citing *State v. Hardy*, 60 Ohio App.2d 325, 327, 397

N.E.2d 773 (8th Dist. 1978); *accord State v. Struckman*, 1st Dist. Hamilton No. C-180287, 2020-Ohio-1232, 2020 WL 1531779, ¶ 12, citing *State v. Williams*, 197 Ohio App.3d 505, 2011-Ohio-6267, 968 N.E.2d 27, ¶ 14 (1st Dist.); *State v. Najeway*, 9th Dist. Summit No. 21264, 2003-Ohio-3154, ¶ 10, citing *State v. Martinsons*, 9th Dist. Medina Nos. 2708-M & 2713-M (June 17, 1998), *6. "'Actual possession exists when the circumstances indicate that an individual has or had an item within his immediate physical possession.'" *State v. Kingsland*, 177 Ohio App.3d 655, 2008–Ohio–4148, 895 N.E.2d 633, ¶ 13 (4th Dist.), quoting *State v. Fry*, 4th Dist. Jackson No. 03CA26, 2004–Ohio–5747, 2004 WL 2428439, ¶ 39. "Constructive possession exists when an individual knowingly exercises dominion and control over an object, even though that object may not be within his immediate physical possession." *State v. Hankerson*, 70 Ohio St.2d 87, 434 N.E.2d 1362 (1982), syllabus; *State v. Brown*, 4th Dist. Athens No. 09CA3, 2009–Ohio–5390, 2009 WL 3236206, ¶ 19. For constructive possession to exist, the state must show that the defendant was conscious of the object's presence. *Hankerson*, 70 Ohio St.2d at 91; *Kingsland* at ¶ 13; *accord State v. Huckleberry*, Scioto App. No. 07CA3142, 2008–Ohio–1007, 2008 WL 623342, ¶ 34; *State v. Harrington*, Scioto App. No. 05CA3038, 2006–Ohio–4388, 2006 WL 2457218, ¶ 15. Both dominion and control, and whether a person was conscious of the object's presence, may be established through circumstantial evidence. *E.g., Brown* at ¶ 19; *see, e.g., State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph one of the syllabus (stating that "[c]ircumstantial evidence and direct evidence inherently possess the same probative value"). "'[P]ossession of a firearm in violation of R.C. 2923.13 may be inferred when a defendant has exercised dominion and control over the area where the firearm was found.'" *State v. Sebastian*, 4th Dist. Highland No. 08CA19, 2009-Ohio-3117, 2009 WL 1819505, ¶ 35, quoting *State v. Pitts*,

4th Dist. Scioto No. 99CA2675, 2000 WL 1678020, *9 (Nov. 6, 2000); *accord State v. English*, 1st Dist. Hamilton No. C-080872, 2010-Ohio-1759, ¶ 33 (determining that the evidence demonstrated the defendant's constructive possession of the firearm when the "revolver was located in a room containing [the defendant's] personal belongings, including drugs that he had exercised control over, and the revolver's location was such that [the defendant] had immediate access to it"). We further observe that whether a person under disability knowingly had, carried, or used a firearm is to be determined from "all the attendant facts and circumstances available." *State v. Bray*, 8th Dist. Cuyahoga No. 92619, 2009-Ohio-6461, 2009 WL 4695386, ¶ 21.

{¶ 43} In the case sub judice, we do not believe that the jury created a manifest miscarriage of justice and clearly lost its way when it determined that appellant had a weapon. Although the state did not present direct evidence that appellant had the weapon in his actual possession when the officers discovered the weapon, the state relied upon circumstantial evidence to show that appellant constructively possessed the weapon by having dominion and control over it. Detective Purdin testified that he observed appellant in the same bedroom that contained the weapon immediately before the officers gained entry to the residence. Inside the room with the weapon, officers discovered several items that contained appellant's name: (1) two prescription pill bottles; (2) documents; and (3) a state identification card. Additionally, officers noted that the room contained men's clothing. These discoveries led officers to believe that appellant had been storing his belongings in the bedroom with the weapon. Furthermore, officers testified that Abbott told them that the bedroom belonged to appellant. Also, appellant's sister informed the officers that appellant had "several" weapons. Although we recognize that Abbott testified for the defense at trial and conflicts in the evidence exist, the jury had the opportunity to hear all of

the testimony and determine the credibility of each witness. It is important to recognize that a jury may opt to believe all, part or none of the testimony of any witness. Here, the jury obviously opted to find the testimony of the state's witnesses credible.

{¶ 44} Consequently, after we consider all of the circumstances, we cannot conclude that the jury clearly lost its way. *See generally State v. Lam*, 2nd Dist. No. 26428, 2015-Ohio-4293, 46 N.E.3d 138, 2015 WL 6110238, (concluding that evidence established possession element when state presented evidence that bedroom belonged to the defendant).

{¶ 45} Accordingly, based upon the foregoing reasons, we overrule appellant's second assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

ADAMS, 20CA1109

## JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Hess, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

ADAMS, 20CA1109

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.